ST. PAUL, J.
 

 In 1921 the defendant and his wife made a return for federal income taxes and paid them. In October, 1926, the Commissioner of Internal Revenue wrote defendant that he owed an additional income tax for that year, and gave him 30 days in which to explain. Defendant was absent on vacation when that letter came, and did not answer it until after the 30 days had expired; whereupon the Commissioner advised him that he could not consider the matter, but he must appeal to the Board of Tax Appeals within 60 days.
 

 Shortly thereafter, to wit, in December 18, 1926, defendant employed Mir. Miller of the plaintiff firm to attend to the matter, which was of considerable importance, since the government was claiming an additional tax of over $12,000. '
 

 Mr. Miller went to work at once, and devoted his whole time to getting up the facts, which he completed by January 14, 1927, being 26 days thereafter, in which, however, there were three Sundays and three holidays, leaving only 20 working days.
 

 
 *564
 

 ’
 
 It is claimed that this could have been done in much shorter time, by pursuing another method than that pursued by Miller; but the testimony of Miller is that he pursued the course he did because he was misled by the government’s claim and by defendant’s answer thereto, both of which were incorrect and misleading. But in any event the testimony is that Mr. Miller stands high in his profession, both for ability and integrity, and we cannot but assume that he proceeded in the usual manner under the circumstances before him and took up no more time than any other reputable accountant would have taken. As we have said, the time taken by him was 20 working days, and the evidence is that this part of the work could have been done by any senior accountant, and that the usual and customary charge for such services is $25 per day. So that plaintiffs are entitled, to $500 for this part of their work.
 

 It is admitted that the matter presented no serious question of law, but only one of facts. Nevertheless those facts had to be presented to the Board of Tax Appeals. Accordingly, Miller prepared a petition for the purpose of laying those facts before them, and for that purpose he had to go to Washington. His trip to and from Washington and his delay in Washington occupied 7 days of his time, and the evidence is that the usual and customary charge for such services is at the least $50 per day. For this first trip plaintiffs are therefore entitled to $350.
 

 Mr. Miller also had to go a second time to Washington, and spent about the same time on the trip. But this time he attended also to another smaller matter. So that we think the charges of that week should be divided, and we fix defendant’s proportion at $200.
 

 So that we fix the plaintiff’s fee for the income tax matter at a total of $1,050.
 

 Plaintiff also,, at defendant’s request, though at their suggestion, opened up a set of books for defendant’s private business. This required the services of a senior accountant, and occupied 82 hours or 10 days of his time. For this service plaintiffs claim and are entitled to $250.
 

 There is some evidence by other accountants that the work was worth all the plaintiffs claim. But it does not impress us, because these witnesses had only a superficial knowledge of the work done and seemed to be most impressed by the fact that $12,000 were involved. But the truth is that once' the facts were found and presented at Washington, the matter could and did • finally involve only about $700, which amount defendant finally paid, on the advice of plaintiffs, rather than pursue the litigation further.
 

 The plaintiffs claim $3,250; the trial judge allowed them $1,750; our own conclusion is that they are entitled to $1,300.
 

 Decree.
 

 The judgment appealed from is therefore amended by reducing the amount allowed plaintiffs to $1,300, with legal interest from judicial demand, and as thus amended is affirmed ; plaintiffs to pay the costs of appeal, and defendant to pay the costs of the lower court.